## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHARLES MEDWETZ,
        Appellant,

      v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
PH-0752-22-0113-I-1

DATE: April 18, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Matthew Ricci, Esquire, Albany, New York, for the appellant.

David P. Tomaszewski, Tobyhanna, Pennsylvania, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis regarding the appellant's allegations of coercion, we AFFIRM the initial decision.

The appellant's arguments do not warrant a different outcome.

The appellant argues that the Board has jurisdiction over his allegedly involuntary resignation because "a final decision was issued in this matter" prior to his resignation.[2] Petition for Review (PFR) File, Tab 1 at 10-13. To support this argument, the appellant relies largely on the decision of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Mays v. Department of Transportation*, 27 F.3d 1577 (Fed. Cir. 1994), which, he contends, "is closely analogous to this appeal." *Id.* at 12. We find this argument unpersuasive.

In *Mays*, the Federal Circuit analyzed 5 U.S.C. § 7701(j) and concluded that the subject provision gives the Board jurisdiction to hear the appeal of an employee who retires because his employing agency has issued a decision to remove him, without regard to whether the retirement date falls on or before the effective date of the removal. *Mays*, 27 F.3d at 1580-81. Following the issuance of *Mays*, however, the Board has explained that the principle of law enumerated therein is applicable only in retirement appeals, i.e., it is inapplicable when, as

---

[2] On January 31, 2022, the agency issued a decision on removal, informing the appellant that his removal would be effective the following day, on February 1, 2022. Initial Appeal File, Tab 5 at 22-25. The appellant resigned from his position effective January 31, 2022. *Id.* at 18, 20.

here, an appellant has resigned from his position. *E.g.*, *Baldwin v. Department of Veterans Affairs*, 111 M.S.P.R. 586, ¶ 41 (2009) (stating that the principle enumerated in *Mays* does not apply to resignations effected in the face of a removal decision); *Robinson v. Department of Veterans Affairs*, 72 M.S.P.R. 444, 447 (1996) (indicating that the applicability of *Mays* hinged on whether an appellant retired rather than resigned). Accordingly, the appellant's argument does not warrant a different outcome.

The appellant contends that his removal was coerced and therefore that the Board has jurisdiction over the matter as a constructive adverse action. PFR File, Tab 1 at 13-15. To this end, he asserts that he was subjected to a 6-hour interview regarding his alleged misconduct, which took place in a "hot, congested room," and that, during the interview, detectives threatened to polygraph him, told him to "start cooperating, or it [would] only get worse for [him]," accused him of "illicit drug use," and instructed him to draft a written statement regarding the alleged misconduct containing specific words, e.g., "knowingly" and "intentionally." *Id.* at 13. He also asserts that, during his meeting with the deciding official, he was told that "his only other alternative to the removal was to resign," and that, if he did not resign, he would be removed the following day. *Id.* at 14. These contentions do not warrant a different outcome.

The Board has recognized that employee-initiated actions that appear voluntary on their face are not always so and that the Board may have jurisdiction over such actions as constructive adverse actions. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 7 (2013). All constructive adverse actions have two things in common: (1) the employee lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived the employee of that choice. *Id.*, ¶ 8. In analyzing voluntariness, the touchstone is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived him of his freedom of choice. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 19 (2007); *see Bean*, 120 M.S.P.R. 397,

¶¶ 8, 11 (explaining that the agency's wrongful actions must have deprived the employee of a meaningful choice). The mere fact that an employee is faced with the unpleasant choice of either resigning or opposing a potential removal for cause does not rebut the presumed voluntariness of his choice. *Lloyd v. Small Business Administration*, 96 M.S.P.R. 518, ¶ 3 (2004). Rather, for a resignation in such circumstances to be considered involuntary and therefore appealable as a constructive removal, the employee must establish that the agency did not have reasonable grounds for proposing removal. *Id.* Here, the appellant has not alleged that the agency lacked reasonable grounds for either investigating or proposing his removal from Federal service; indeed, he has not alleged that he did not engage in the misconduct with which he was charged. Accordingly, the fact that the deciding official presented him with the unpleasant choice of either resigning or opposing a removal action does not render his election to resign involuntary.[3]

We modify the initial decision.

Although not raised by appellant on review, in the initial decision, the administrative judge reasoned that the appellant's investigatory interview "could not have been so traumatic as to compel his immediate resignation" because "it occurred 10 weeks before the appellant resigned." Initial Appeal File, Tab 7, Initial Decision at 6. The Federal Circuit has found that, at the jurisdictional stage of a Board proceeding, the Board should not discount the probative value of an allegation that supports a claim of involuntariness because of the passage of time. *Trinkl v. Merit Systems Protection Board*, 727 F. App'x 1007, 1010-11 (Fed. Cir. 2018).[4] Here, however, even assuming that the appellant's

---

[3] The appellant does not discernably challenge the administrative judge's conclusion that he did "not appear to be claiming [that] his resignation was the product of misinformation or deception on the part of the agency." Initial Appeal File, Tab 7, Initial Decision at 5.

[4] The Board has found that it may rely on unpublished decisions of the Federal Circuit when, as here, it finds the court's reasoning persuasive. *E.g.*, *Vores v. Department of the Army*, 109 M.S.P.R. 191, ¶ 21 (2008), *aff'd*, 324 F. App'x 883 (Fed. Cir. 2009).

interview-related allegations support a claim of involuntariness that the administrative judge improperly discounted, we find that a different outcome is not warranted. Indeed, the appellant's allegations regarding his interview, considered as part of the totality of the alleged circumstances leading up to his resignation, do not constitute a nonfrivolous allegation that his resignation was coerced.

Accordingly, we affirm the initial decision as modified.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.